FIRST NATIONAL BANK OF SONORA, TEXAS, PETITIONER, *v.* COMMIS-
SIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3213.   Promulgated March 22, 1927.

1. Where the books of a bank are kept on the cash receipts
and disbursements basis, bank discount neither earned nor received
within the taxable year does not constitute income for that year.

2. All amounts which constitute income within the year under
the method of accounting employed, must be returned for taxation
in that year, even though a part thereof was improperly reported
as income and the tax paid thereon in a prior year.

*L. W. Elliott, Esq.*, for the petitioner.
*John D. Foley, Esq.*, for the respondent.

This proceeding is for the redetermination of deficiencies in
income and profits taxes for the years 1919 and 1920 in the amounts
of $1,612.68 and $1,902.75, respectively.

### FINDINGS OF FACT.

The petitioner is a corporation organized under the laws of the
United States and is and was during the years 1918 to 1921, inclu-
sive, engaged in the banking business at Sonora, Tex.   During the
years 1918, 1919, and 1920, its books were kept on the cash receipts
and disbursements basis.

The respondent, upon audit of the petitioner's income and profits-
tax returns for the years 1919 and 1920, determined that its net
income was $23,294.57 for the year 1919, and $25,653.22 for the year
1920.

The parties hereto have stipulated that the petitioner's net income
for the year 1919, as determined by the respondent, should be reduced
by the amount of $5,844.31, representing discounts on notes made
in the year 1919 but which were not earned or received until the
year 1920; and that the petitioner's net income for the year 1920, as
determined by the respondent, should be increased by said amount
of $5,844.31 and decreased by the amount of $5,751.32, representing
discounts on notes made in 1920 which were not earned or received
until the year 1921.

The parties hereto have also stipulated that in its income and
profits-tax return for the year 1918 the petitioner included as income,
and paid the tax thereon, the amount of $5,733, representing dis-
counts on notes made in the year 1918 which were not earned or
received until the year 1919.   The respondent now asks that said
amount of $5,733 be added to the petitioner's income for the year
1919.

OPINION.

MARQUETTE: The parties hereto have agreed that certain adjustments set forth in the findings of fact should be made in the petitioner's income for the years 1919 and 1920. This leaves for our determination only the question of whether or not the amount of $5,733, representing discounts on notes made in 1918 but which were not earned or received until 1919, should be included in the petitioner's income for the latter year. The petitioner now admits that the amount in question is properly income for 1919, but contends that, having returned the amount as income for 1918 and paid the tax thereon, it should not now be required to include it in income for 1919.

The situation here presented is identical with that in the *Appeal of Chatham & Phenix National Bank*, 1 B. T. A. 460, wherein we held that bank discount neither earned nor accrued within the taxable year does not constitute income for that year, and that all amounts which constitute income within the year under the method of accounting employed must be returned for taxation in that year, even though a part thereof was improperly reported as income and the tax paid thereon in a former year. In that appeal we said:

The taxpayer, however, in adopting the accrual method for reporting discount has failed to include as income for 1918 the amount of $308,577.27 earned in 1918 on discounts made in 1917. Its contention, of course, is that having paid income tax upon this amount it can not now be compelled to again include this amount in income for another year and pay the tax thereon. As we have endeavored to show, this amount was not income within the year 1917, and the fact that a tax was paid thereon for that year will not excuse it from paying the tax in the year in which it is properly to be accounted for as income.

See also *Appeal of Bank of Hartsville*, 1 B. T. A. 920.

During the years 1918 and 1919, the petitioner's books were kept upon the cash receipts and disbursements basis. It is, therefore, clear that the discounts on notes made in 1918, which were neither earned nor received until the year 1919, were income for 1919, and upon the authority of our decisions in the *Appeals of Chatham & Phenix National Bank* and *Bank of Hartsville, supra*, we are constrained to hold that these discounts should be included in the petitioner's income for the year 1919, even though they have heretofore been erroneously included in income for the year 1918 and the tax paid thereon.

*Judgment will be entered on 15 days' notice, under Rule 50.*