COLUMBIA STATE SAVINGS BANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 14831, 25129.   Promulgated February 6, 1929.

*Herman T. Reiling, Esq.,* and *Hugh N. Smith, C. P. A.,* for the petitioner.

*J. E. Mather, Esq.,* for the respondent.

OPINION.

TRAMMELL: In the original petition filed under Docket No. 14831, the petitioner sought the redetermination of its tax liability for the calendar years 1920 and 1921. No deficiency, however, was asserted for 1920, and we have no jurisdiction for that year. See Revenue Act of 1926, section 274 (g); *Cornelius Cotton Mills*, 4 B. T. A. 255;

*Belridge Oil Co.*, 11 B. T. A. 127; *D. L. Blackstone, Administrator*, 12 B. T. A. 456. Accordingly, this appeal, in so far as it purports to involve the calendar year 1920, is dismissed.

With respect to the deficiency in tax determined by the respondent for the calendar years 1921 and 1922, the sole issue presented is whether taxable income, consisting of discounts or commissions, was derived by the petitioner in the year in which certain mortgage loans were made, under the circumstances set out in our findings of fact above.

These discounts or commissions were treated on the books of the petitioner as earned income at the time the loans were made, and were included by the respondent in the petitioner's taxable income for the years in which the loans were made.

The petitioner contends substantially that it was in effect a dealer in securities, which it purchased at less than par with the object of reselling them at a profit, and that it could not be considered to have realized a profit until the securities were sold, or were paid at maturity, or otherwise.

With this contention of the petitioner, we are unable to agree. The stipulated facts, which we have adopted in our findings of fact, show that the petitioner made real estate or mortgage loans, bearing interest at a stated rate, on which, in addition to the interest, a fee of from 1 per cent to 10 per cent was charged for each loan. The borrower received from the petitioner the amount of the loan, less the discount and commission charged and the expenses incurred in connection therewith, and, in the event of the payment of a loan before maturity, there was no rebate to the borrower of any part of the commission charged by the petitioner. The petitioner kept its books upon an accrual basis.

It thus appears that the commissions charged by the petitioner were in the nature of compensation for services rendered, and that when a loan was made the transaction was fully completed in so far as concerned the petitioner's right to its commission. The liability of the borrower to pay the commission was in no way contingent or dependent upon the passage of time, as is the case with respect to an obligation to pay interest for the use of borrowed money. Upon the execution of the note the borrower's liability to pay the commission became definitely fixed and determined. The petitioner's right to its commission definitely accrued at the time each loan was made, and since the petitioner kept its books of account upon an accrual basis, the aggregate amount of the commissions on loans made within each taxable year should have been accrued on the books as income for that year. It is shown that the petitioner treated the commissions on its books as earned income for the year in which

the loans were made, and this treatment, we think, correctly reflected the income.

In *Chicago Acceptance Co.*, 12 B. T. A. 150, the petitioner purchased at less than par series of 12 notes payable one each month, and we held that only so much of the discount as was earned within the taxable year constituted income to the petitioner for that year. The petitioner there also kept its books upon an accrual basis. That case is distinguished from the present proceeding in that when notes were paid before the due date, the payer obtained a discount which reduced the petitioner's brokerage in a proportionate amount. Therefore, it could not be said that the liability of the borrower to pay the brokerage or commission became definitely fixed and determined at the time the loan was made. The liability was contingent upon the passage of time. Hence, we said in our opinion:

Manifestly no discount or profit accrued upon such notes until the discount thereon was earned. The principle involved is essentially no different than that of bank discount, wherein we have several times held that discount *neither received nor accrued* within a taxable year is not income subject to tax in that year. (Italics supplied.)

In the instant case, even if the income was not received, it was accrued in the year in which the loans were made and constituted income subject to tax in such year, for the reason that it became at that time definitely fixed obligations of the makers of the notes and was not subject to reduction in the event of prepayment.

The action of the respondent is approved.

Reviewed by the Board.

*Judgment will be entered for the respondent.*