*720 OPINION.
McMahon :
Section 212 (b) of the Revenue Act of 1926[1] provides that the net income shall be computed in accordance with the method of accounting regularly employed in keeping the books of the taxpayer. The stipulated facts show that all of the petitioner’s income and expense accounts were kept on the cash receipts and disbursements basis, with the single exception of an account called “ commissions on loans ”, and that the petitioner made its income tax returns in accordance with its books, with the single exception of the account “ commissions on loans ”, and reported only discounts actually received. The account “ commissions on loans ” in our opinion is at most a memorandum account kept for purposes of information. There is no evidence that petitioner was on the accrual basis. On the other hand, the stipulation shows that it was on the cash receipts and disbursements basis and filed its return for the year before us on that basis. We hold that it was then on such basis. First Nat. Bank of Stoughton, Wis., 2 B.T.A. 586. See Merchants Nat. Bank, 6 B.T.A. 1167. Cf. Maine Dairy Co., 4 B.T.A. 375.
' Since the petitioner kept its accounts upon the cash receipts and disbursements basis, it derived no income in the year 1927 upon unrealized commissions on the real estate loans described in the stipulation of facts. In First Trust & Savings Bank, 11 B.T.A. 1034, where the facts were substantially the same as in the instant proceeding, we stated:
* * * The question for decision is whether the petitioner received taxable income during the taxable years when it made loans from which it deducted the commission charges.
In our opinion, the commissions were not actually received when the loans were made. The bank, upon the credit of the borrower’s note and the security given by him, paid out to him cash amounting to the face of the loan less the agreed commission and certain expenses. At that time the bank did not receive the commission exacted or agreed upon. It received nothing in fact except the promise to pay in the future.
* ***** *
In affirming First Trust & Savings Bank, supra, the United States Circuit Court of Appeals for the Fifth Circuit, in Blair v. First-Trust & Savings Bank, 89 Fed. (2d) 462, stated:
It is plain that until the loan is paid or rediscounted the respondent has earned no profit, but has simply parted with its funds on the faith of the security. The commission is not actually received until respondent gets back *721 what it has previously paid out plus the commission. The deduction of the commission from the face of the loan brings nothing into the coffers of the bant.
Certiorari was denied in the above case in 282 U.S. 85.
To the same effect are First Nat. Bank of Stoughton, Wis., supra; First Nat. Bank of Sonora, Tex., 6 B.T.A. 555; and Chicago City Bank & Trust Co., 24 B.T.A. 892.
The instant proceeding is distinguishable from Columbia State Savings Bank, 15 B.T.A. 219; affirmed in Columbia State Savings Bank v. Commissioner, 41 Fed. (2d) 923; and Bonded Mortgage Co. of Baltimore, 27 B.T.A. 965; reversed upon another point in Bonded Mortgage Co. v. Commissioner, 70 Fed. (2d) 341, since in each of those cases the taxpayer kept its books upon an accrual basis.
The respondent was in error in including the amount of $18,344 in the petitioner’s taxable income for the year 1927.
Reviewed by the Board.

Decision of no deficiency as to the year 1927 will be entered.

Tlie net income shall be computed upon the basis of the taxpayer’s annual accounting period (fiscal year or calendar year, as the ease may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. * * *