COLUMBIA STATE SAVINGS BANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 45261. Promulgated November 22, 1934.

*H. N. Smith, C. P. A.*, for the petitioner.
*B. M. Coon, Esq.*, for the respondent.

OPINION.

McMahon: The question to be determined is whether commissions or discounts deducted from the principal or face of real estate mortgage loans are income in the year in which the loans are made, the books of account being kept on an accrual basis.

The petitioner included in taxable income for 1927 all commissions or discounts on loans sold or otherwise disposed of during 1927 whether made in 1927 or prior thereto. It contends that under the facts in this proceeding, while admittedly on an accrual basis, it did not derive income from the deduction of discount or commissions from the face of the loans until such loans were sold or otherwise disposed of.

A similar contention made by this petitioner involving its income for the years 1921 and 1922 was decided adversely to the petitioner in *Columbia State Savings Bank*, 15 B. T. A. 219, affirmed in *Columbia State Savings Bank*, 41 Fed. (2d) 923. This question, involving similar facts, was also before the Board in *North-Western Trust & Savings Bank*, 20 B. T. A. 365, and *Bonded Mortgage Co. of Baltimore*, 27 B. T. A. 965, affirmed in *Bonded Mortgage Co. v. Commissioner*, 70 Fed. (2d) 341, wherein it was held that commissions deducted from the face of real estate loans are income to the maker of the loan in the year in which such loan is made when the books of account of the lender are kept on an accrual basis, following *Columbia State Savings Bank*, *supra*. Cf. *Cosmopolitan Bond & Mortgage Co.*, 30 B. T. A. 717.

The petitioner contends that the evidence in this proceeding, showing that the petitioner serviced the loans after the sale thereof and that the amount and rate of commission charged on each loan depended upon the term, interest rate, and risk involved therein, was not presented in petitioner's prior case, *Columbia State Savings Bank, supra*, and that because of this additional evidence this proceeding is distinguishable from the prior proceeding. In our opinion, giving due consideration to all the additional facts shown by the evidence in this proceeding, not shown in the prior case, we must conclude, as in the prior case, that:

It thus appears that the commissions charged by the petitioner were in the nature of compensation for services rendered, and that when a loan was made the transaction was fully completed in so far as concerned the petitioner's right to its commission. The liability of the borrower to pay the commission was in no way contingent or dependent upon the passage of time, as is the case with respect to an obligation to pay interest for the use of borrowed money. Upon the execution of the note the borrower's liability to pay the commission became definitely accrued at the time each loan was made, and since the petitioner kept its books of account upon an accrual basis, the aggregate amount of the commissions on loans made within each taxable year should have been accrued on the books * * *.

At the time the loans were made the obligation of the borrower to pay, and the right of the petitioner to receive, the whole of the commissions became definitely fixed and determined. That the sale of such loans at par or the payment of such loans in full were not absolutely certain at the time when made is immaterial. The possibility of nonpayment is inherent in every obligation to pay. However, the evidence discloses that all mortgages and bonds sold were sold at par.

The commissions represented payment for the granting of loans and it is immaterial that the rate of commission charged in each instance was based upon the term of the loan, interest rate, and risk involved. It was testified that it was necessary for petitioner to service its loans after they were made by collecting the interest, seeing that taxes were paid and insurance renewed, inspecting the properties occasionally, and seeing that the owner of the loan received his interest and principal when due. The collection of interest, checking of payment of taxes and maintenance of insurance, and occasional inspection of property mortgaged are services incidental to the business of making real estate mortgage loans, whether performed in its own behalf or in behalf of its customers. It was also testified that it was petitioner's policy, dependent however on the rate of commission paid to its salesmen, to repurchase from its customers mortgages sold at par. It does not appear that this policy was carried into effect in a single instance. However, this servicing and policy have no bearing upon the accrual of the commission, since they

were performed and maintained to facilitate and make sales. The services were performed for the purchaser of the loan and not for the maker of the loan. The liability of the maker of the loan for the commission or discount was not contingent upon the servicing of the loan for the benefit of the purchaser thereof. It is immaterial to the borrower whether his loan is sold. He is interested merely in the granting of it.

In our opinion it would serve no useful purpose to discuss the cases cited by petitioner on brief, since all are distinguishable on the facts presented.

The action of the respondent in including in petitioner's 1927 income commissions or discounts deducted from the principal or face of mortgage loans made in 1927 is approved.

*Decision will be entered for the respondent.*